UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MOHAMED T. SUMEDEH,

                 Plaintiff,

- against -

MRS. HUGEE, *Investigator Boss*,

                 Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-2754 (PKC) (RER)

PAMELA K. CHEN, United States District Judge:

      On May 10, 2022, Plaintiff Mohamed T. Sumedeh, filed this *pro se* action against Defendant Mrs. Hugee. (Complaint ("Compl."), Dkt. 1 at ECF[1] 5.) Because Plaintiff failed to include a statement of claim or the relief requested, the Clerk of Court issued a Notice of Deficient Filing on May 13, 2022. (Dkt. 3.) Plaintiff was directed to correct the deficiencies in his Complaint by May 27, 2022. (*Id.*) On June 8, 2022, the Court *sua sponte* extended the deadline for Plaintiff to correct the deficiencies in his Complaint, and was warned "that failure to correct the deficiencies may result in dismissal" of his case. (*See* 6/8/2022 Docket Order.) On June 13, 2022, Plaintiff corrected the deficiencies by filing a completed complaint which is deemed an Amended Complaint. (Amended ("Amend.") Compl., Dkt. 5.) The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP"). (Dkt. 2.) For the following reasons, the Amended Complaint is dismissed.

## BACKGROUND

      Plaintiff's allegations are difficult to follow, but appear to be related to his attempt to sell a vehicle that was rejected by Defendant because it was deemed to have an "unsafe driver seat."

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

(Amend. Compl., Dkt. 5 at ECF 5.) Plaintiff contends that Defendant has confused the requirement for air bags with what is required of a seat. (*Id.*) Plaintiff alleges that Defendant "prevented [him] from buying & selling about 10 cars" for an estimated "profit [of] $9900." (*Id.* at ECF 6.)

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90–91 (2d Cir. 2021) (citation omitted). Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

In addition, a plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. The Federal Rules of Civil Procedure require the Court to "dismiss the action" if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *see also Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed."). Federal subject matter jurisdiction is available only when a

2

"federal question" is presented, or when the plaintiff and the defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332.

## DISCUSSION

Plaintiff purports to bring this action pursuant to the Court's diversity jurisdiction. (Amend. Compl., Dkt. 5 at ECF 4.) Plaintiff alleges that he is a citizen of New York and resides in New York. (Dkt. 5 at ECF 2, 4.) Plaintiff further alleges that Defendant is a citizen of New York and resides in New York. (*Id.*) According to Plaintiff, the amount in controversy is $9900. (*Id.* at ECF 5.) Consequently, Plaintiff has not set forth a basis for diversity jurisdiction since the parties are not diverse and the amount in controversy does not exceed $75,000. 28 U.S.C. § 1332; *see also Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014) ("all plaintiffs must be citizens of states diverse from those of all defendants" for a federal court to have diversity jurisdiction); *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (amount in controversy is established as of the date of the complaint by the dollar amount actually claimed).

Liberally construing Plaintiff's allegations, he also fails to allege facts to suggest that his claims arise under the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Section 1331 gives the Court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal question where federal law creates the plaintiff's cause of action or where the "well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004). (internal quotation marks and citation omitted). Here, Plaintiff's allegations fail to suggest a federal claim. (*See* Dkt. 5 at ECF 5.)

## CONCLUSION

For the reasons set forth above, the action, filed *in forma pauperis*, is dismissed, without prejudice, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court has considered whether to permit Plaintiff the opportunity to amend, but declines to do so, given that such amendment would be futile. *See Tocker v. Philip Morris Companies, Inc.*, 470 F.3d 481, 491 (2d Cir. 2006) ("leave to amend a complaint may be denied when amendment would be futile"). In the event that Plaintiff elects to proceed *in forma pauperis* on appeal from this Order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 21, 2022
      Brooklyn, New York